UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIE JEFFERSON, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-848 (GK) |
| BUREAU OF PRISONS, et al., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, a federal inmate proceeding *pro se,* brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff challenges the disposition of his FOIA requests by the Office of the Inspector General, United States Department of Justice ("OIG"), the Federal Bureau of Prisons ("BOP"), and the Federal Bureau of Investigation ("FBI"). Defendants have filed a motion for summary judgment and the Plaintiff an opposition to the motion and a cross-motion for summary judgment. Because the Court concludes that the agencies' searches for responsive records were inadequate, summary judgment will be denied.

## Background

### Bureau of Prisons

On December 1, 2002, Plaintiff sent a FOIA request to the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta") seeking all records related to an investigation of Plaintiff conducted by the Special Investigative Section of USP-Atlanta from September 26, 2002 to

1

November 2, 2002. Compl. ¶ 4; Decl. of Wilson J. Moorer ¶ 5 & Exh. A. The investigation allegedly resulted in Plaintiff's placement in the Special Housing Unit ("SHU") at USP-Atlanta. Compl. ¶¶ 4, 10. BOP's Southeast Regional Office informed Plaintiff on March 11, 2003, that a search of the records at USP-Atlanta yielded no documents responsive to his request. Compl. ¶ 6; Decl. of Wilson J. Moorer ¶ 5 & Exh. B. In response to Plaintiff's appeal, on November 18, 2003, the Department of Justice's Office of Information and Privacy ("OIP") affirmed the BOP's resolution of Plaintiff's FOIA request. Compl. ¶¶ 7, 9; Decl. of Wilson J. Moorer ¶ 6 & Exh. C, D, E.

Plaintiff filed the present action on April 29, 2005. BOP conducted a new search for the records requested by Plaintiff on April 18, 2006. *Id.* ¶ 7. In Plaintiff's Central Inmate File, which is maintained at the United States Penitentiary in Big Sandy, Kentucky, BOP located several Administrative Detention Orders, but the dates of the orders were outside the time frame of Plaintiff's FOIA request. *Id.* BOP also searched the records in the archives file section of USP-Atlanta. *Id.* ¶ 8. The search revealed one responsive record, a September 26, 2002 Administrative Detention Order issued for Plaintiff. *Id.* & Exh. F.

On September 15, 2003, Plaintiff sent another FOIA request to USP-Atlanta for "copies of any and all records created and/or received by" BOP's Office of Internal Affairs ("OIA") "in regards to Grady Lee Turner, former Captain of" USP-Atlanta. *Id.* ¶ 10 & Exh. G. In response, on December 16, 2003, BOP informed Plaintiff that it could neither confirm nor deny the existence of responsive records and cited FOIA Exemption 6 as a basis for withholding the information. *Id.* ¶ 11 & Exh. I. On July 6, 2004, OIP resolved Plaintiff's appeal and remanded his FOIA request to BOP for further processing. *Id.* ¶ 13 & Exh. L.

On remand, BOP confirmed to Plaintiff that OIG had conducted an investigation of Grady Lee Turner. *Id.* ¶ 14 & Exh. M. However, BOP also advised Plaintiff that the only records responsive to his request were generated and received by OIG. *Id.* On December 1, 2004, BOP referred the 29 pages of records to OIG for review. *Id.*, Exh. N.

Plaintiff submitted a third FOIA request to BOP on March 28, 2004 for (1) BOP's "August 29, 1995, Federal Register notice of its Office of Internal Affairs Investigative Record System"; (2) copies of "policies, procedures, and guidelines of the BOP regarding its Special Investigative Section ... records retention requirements"; and (3) program statements and memoranda that restrict an inmate's prayer or worship to the chapel or his cell. *Id.* ¶ 16 & Exh. O. On February 10, 2006, BOP responded to Plaintiff's request. *Id.* ¶ 17 & Exh. P. BOP provided Plaintiff with two pages of documents regarding the Special Investigative Section's records retention policy and a copy of the most recent Program Statement on "Religious Beliefs and Practices." *Id.* BOP informed Plaintiff that the requested Federal Register notice was not an agency record within the definition of FOIA. *Id.*

Office of the Inspector General

On June 30, 2003, Plaintiff sent a FOIA request to OIG for all records related to Grady Lee Turner. Compl. ¶ 11; Decl. of Deborah Marie Waller ¶ 2 & Exh. 1. In response to the request, OIG issued a "Glomar" response, neither confirming nor denying the existence of responsive records and asserting that the records could be withheld under Exemption 7(C). Decl. of Deborah Marie Waller ¶ 3 & Exh. 2.[1] At the time of the search, the OIG possessed 39 pages

---

[1] An agency issues such a response when the mere acknowledgment of the existence of responsive records would constitute an unwarranted invasion of personal privacy. *See Phillippi v. CIA*, 546 F.2d 1009, 1014-15 (D.C.Cir. 1976).

of records relating to an open criminal investigation of Grady Lee Turner. Decl. of Deborah Marie Waller ¶ 3.[2] On appeal, OIP affirmed OIG's disposition of Plaintiff's request and advised Plaintiff that absent consent from Mr. Turner or proof of his death, the requested records were exempt from disclosure under FOIA. *Id.* ¶ 4 & Exh. 3.

After Plaintiff filed the present action, OIG reviewed its processing of his FOIA request. *Id.* ¶¶ 6, 7. In the interim, OIG's investigation of Mr. Turner had concluded and resulted in his criminal conviction. *Id.* ¶ 7. On March 7, 2006, OIG released to Plaintiff 35 pages of documents in part, withholding certain information pursuant to Exemptions 6 and 7(C). *Id.* ¶ 8 & Exh. 5. The remaining four pages in OIG's possession were referred to BOP for processing. *Id.* On March 13, 2006, BOP informed Plaintiff that it was withholding portions of the four pages of documents based on Exemption 6 because the information contained personal information of a BOP staff member. Supp. Decl. of Wilson J. Moorer ¶¶ 2-4.

Federal Bureau of Investigation

On June 30, 2003, Plaintiff submitted a FOIA request to the Atlanta Field Office of the FBI for all records regarding Grady L. Turner, former Captain at USP-Atlanta. Compl. ¶ 18; Decl. of David M. Hardy ¶ 5 & Exh. A. In response, the FBI advised Plaintiff that absent proof of Mr. Turner's death or a privacy waiver by Mr. Turner, the agency would not conduct a search because the requested records were exempt from disclosure under Exemptions 6 and 7(C). Compl. ¶ 19; Decl. of David M. Hardy ¶ 6 & Exh. B. The FBI also refused to confirm or deny the existence of the requested records. *Id.* On July 16, 2003, Plaintiff sent a letter to the FBI arguing that because Mr. Turner had been convicted of offenses related to his employment by

---

[2] BOP referred 29 pages of these records to OIG. Decl. of Deborah Marie Waller ¶ 5.

BOP, the public interest in disclosure outweighed Mr. Turner's privacy interests. Compl. ¶ 20; Decl. of David M. Hardy ¶ 7 & Exh. C. The FBI responded by advising Plaintiff once again that he had to submit proof of death or a privacy waiver before it would search for records pertaining to Mr. Turner. *Id.* ¶ 9 & Exh. E. Moreover, the agency stated that it had reviewed the documents in its file and determined that there was no public source information. *Id.* Exh. E.

Plaintiff appealed the FBI's refusal to process his request to OIP on August 16, 2003. Compl. ¶ 21; Decl. of David M. Hardy ¶ 8 & Exh. D. OIP affirmed the FBI's decision on November 17, 2003. Compl. ¶ 24; Decl. of David M. Hardy ¶ 11 & Exh. G.

Subsequent to the filing of this cause of action, the FBI conducted a review of documents responsive to Plaintiff's records request. *Id.* ¶ 19. The FBI's search yielded 549 pages of records, 4 pages to be released in full and 545 pages to be withheld pursuant to Exemptions 2, 3, 6, 7(C), 7(D), and 7(E). *Id.* ¶ 20. The FBI sent Plaintiff notice of this determination on April 25, 2006. *Id.* Exh. H.

### Standard of Review

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255. The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

In a FOIA case, the Court may award summary judgment solely on the basis of information provided by the department or agency in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C.Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C.Cir. 1973). Agency affidavits or declarations must be "relatively detailed and non-conclusory ...." *SafeCard Services v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir. 1991). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *Id.* (internal citation and quotation omitted). An agency must demonstrate that "each document that falls within the class requested either has been

produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)(internal citation and quotation omitted).

## Discussion

Plaintiff challenges the adequacy of the searches conducted by all three agencies. To obtain summary judgment on the issue of the adequacy of the search for records under FOIA, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 552 (D.C.Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir. 1984)). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C.Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Id.* at 127. The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C.Cir. 1990); *see also Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C.Cir. 1998).

The Court's inquiry regarding the adequacy of the search focuses on the search itself, not its results. *Weisberg*, 745 F.2d at 1485. An agency's failure to find a particular document does not undermine the determination that the search was adequate. *Wilber v. CIA*, 355 F.3d 675, 678 (D.C.Cir. 2004); *Nation Magazine, Washington Bureau v. United States Customs Serv.*, 71 F.3d

885, 892 n.7 (D.C.Cir. 1995). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Oglesby*, 920 F.2d at 68.

Bureau of Prisons

Plaintiff submitted three FOIA requests to BOP. Plaintiff's first request sought records of an investigation conducted on Plaintiff. As a result of the investigation, Plaintiff alleges he was subject to administrative segregation. In response to Plaintiff's request, BOP initially advised him that it could not locate any responsive records. Three years later, as a result of the filing of this case, BOP conducted an additional search. BOP searched Plaintiff's Central Inmate File, but found no responsive records. BOP also searched the archive file section at USP-Atlanta and located one document disclosable to Plaintiff. *See* Decl. of Wilson J. Moore ¶¶ 3-5, 7-8.

Plaintiff also requested all records related to Grady Turner, a BOP employee. According to the affidavit provided by BOP, the search in response to this request consisted of "evaluat[ing] the documents that BOP maintained regarding the investigation of Grady Lee Turner." *Id.* ¶ 14. The responsive documents that were discovered during this search were referred to OIG for processing. *Id.*

In his third request, Plaintiff sought a copy of a provision of the Federal Register, BOP policies and guidelines regarding the Special Investigative Section's retention of records, and BOP program statements regarding the religious beliefs and practices of inmates. BOP disclosed the latter two records, but stated that the Federal Register provision was not an agency record. *Id.* ¶¶ 16, 17 & Exh. P.

BOP has not provided sufficient information to allow the Court to determine whether the agency's search for responsive records was adequate. Summary judgment is not appropriate if a

review of the record raises substantial doubt about the adequacy of the search. *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 314 (D.C.Cir. 2003)(citations omitted); *Founding Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 827 (D.C.Cir. 1979). BOP's declaration does not describe the systems of records the agency maintains, does not detail its method of retrieving records, and does not state that it identified and searched all files reasonably likely to contain responsive records. Under such circumstances, the agency has not demonstrated that it conducted an adequate search for records. *See Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 39 (D.D.C. 2003).

Office of Inspector General

The Court reaches the same conclusion on OIG's search. Plaintiff sought from OIG records related to Grady Lee Turner. Decl. of Deborah Marie Waller ¶ 2. Regarding the search, OIG's declaration merely states "[i]n response to this request, the OIG searched its records for information relating to Mr. Turner." *Id.* ¶ 3. OIG's declaration is devoid of any assertions regarding its records systems or how the search was conducted. As with the BOP's affidavit, the OIG has not demonstrated that its search was adequate.

Federal Bureau of Investigation

Plaintiff's FOIA request to the FBI sought the following:

> copies of any and all records created and/or received by the United States Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI") Atlanta field office in regards to Grady L. Turner, former Captain at the United States Penitentiary Atlanta, Georgia. In addition, this is a request for an index of any files maintained by the FBI in regards to Grady L. Turner.

Decl. of David M. Hardy Exh. A. Plaintiff also requested "computer applications, electronic mail (including old or 'deleted' electronic mail on back-up tapes, back-up files ..." *Id.*

9

The FBI searches for records responsive to a FOIA request through the use of the Central Records System ("CRS"). Decl. of David M. Hardy ¶ 12. The records maintained in CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. *Id.* The system is a numerical sequence of files broken down according to subject matter and by an individual's name. *Id.* A file's subject matter may relate to an individual, organization, company, publication, activity, or foreign intelligence matter. *Id.* Certain records in this system are maintained at FBI Headquarters and records pertinent to specific field offices are maintained at those sites. *Id.*

The general indices, which are index cards arranged in alphabetical order, are the means by which CRS records are retrieved. *Id.* ¶ 13. Entries in the general indices are either "main" entries or "reference" entries. *Id.* The former "carry the name corresponding with a subject of a file" in the CRS; the latter "are generally only a mere mention or reference to an individual, organization, etc., contained in a document located in another 'main' file on a different subject matter." *Id.* FBI field offices have access to CRS files by the General Indices, which "are likewise arranged in alphabetical order and consist of an index on various subjects, including the names of individuals and organizations." *Id.* ¶ 14. An agency employee searches the general indices for a particular subject, "such as 'Grady L. Turner,' [] by searching the subject requested in the index." *Id.*

In response to Plaintiff's request, the FBI conducted a search in CRS and found a main file with "Grady L. Turner" as the subject of an investigation originating in the FBI's Atlanta Field Office. *Id.* ¶ 18. The file was compiled as a result of an investigation by the FBI and OIG of alleged corruption by BOP employees at USP-Atlanta. *Id.* FBI's search yielded 249 pages of

responsive records. *Id.* ¶ 20.

Plaintiff contends the FBI's search was inadequate for two reasons. First, Mr. Hardy's declaration does not aver that the FBI searched all files likely to contain responsive records. In addition, the CRS system of records does not provide access to the FBI's "I-drive" system. The "I-drive" is a shared drive in a computer network. Pl.'s Opp. to Mot. for Summ. J. Exh. 9, June 8, 2004 letter of David M. Hardy. The system is used by FBI field offices to hold investigative documents so that supervisors can approve them before placing them in the FBI's official file. *Id.*

Absent a specific mention in a FOIA request, the FBI does not search the "I-drive" for responsive records. The decision whether or not to search the I-drive" is done by the FBI on a case by case basis. Dfts.' Reply to Pl.'s Opp. to Defts.' Mot. for Summ. J. at 5. As a general matter, "[w]hen a request does not specify the location in which an agency should search, the agency has discretion to confine its inquiry to a cental filing system if additional searches are unlikely to produce any marginal return ...." *Campbell*, 164 F.2d at 28. In other words, the agency "generally need not search every record system," *Oglesby*, 920 F.2d at 68, but if it discovers that relevant information might exist in another set of files or a separate record system, the agency must search those places as well. *Campbell*, 164 F.3d at 28.

To obtain summary judgment on the issue of the adequacy of the search, the agency must present a detailed affidavit, "setting forth the search terms and the type of search performed and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F3d 321, 326 (D.C.Cir. 1999)(quoting *Oglesby*, 920 F.2d at 68). The agency must show "beyond material doubt [] that it has conducted a search

11

reasonably calculated to uncover all relevant documents." *Weisberg*, 705 F.2d 1344, 1351(D.C.Cir. 1983). Even if an agency states that it has searched its central file system, the failure to aver that all files likely to contain responsive records were searched, precludes the Court from finding that the search was adequate. *Nation Magazine*, 71 F.3d at 890; *Oglesby*, 920 F.2d at 68; *Jackson v. U.S. Attorney's Office, Dist. of New Jersey*, 293 F. Supp. 2d 34, 38-39 (D.D.C. 2003).

Given the breadth of Plaintiff's request, the Court finds it reasonable to conclude that Plaintiff sought records on shared computer drives in the Atlanta Field Office. The agency has the duty to construe the scope of a FOIA request liberally. *Nation Magazine*, 71 F.3d at 890. Because the FBI did not search the shared computer drives and the declaration does not aver that the agency searched all files likely to contain records responsive to Plaintiff's request, the search was inadequate.[3]

## Conclusion

Defendants have not submitted sufficiently detailed affidavits. The submitted declarations do not describe the systems of records each agency maintains, detailed the method of retrieving records, or averred that the agency identified and searched all files reasonably likely to

---

[3] Two other judges in this district have addressed the issue and reached opposite conclusions. *See Grecco v. Dep't of Justice*, No. 97-0419, at 1 (D.D.C. Sept. 22, 2006)(FBI ordered to conduct search of shared computer drives in field offices); *Antonelli v. BATFE*, No. 04-1180, 2006 WL 367893, at *7 (D.D.C. Feb. 16, 2006)(absent specific request for search of hard drives, agency has no obligation under FOIA to search them).
  Plaintiff seeks discovery regarding the existence of the I-drive records system and to determine whether the FBI is concealing records in that system. Plaintiff's motion will be denied. Discovery is generally inappropriate in a FOIA case. *Whitfield v. U.S. Dep't of Treasury*, No. 04-679, 2006 WL 2434923, at *7 (D.D.C. Aug. 22, 2006). Moreover, the FBI does not deny the existence of the records system.

contain responsive records. The Court, therefore, cannot evaluate the adequacy and reasonableness of the searches. As a result, the Court will deny summary judgment to the defendants. An appropriate order accompanies this Memorandum Opinion.

                                                                 */s/ Gladys Kessler*
                                                               GLADYS KESSLER
                                                               United States District Judge

DATE: Nov. 7, 2006