# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

|                                       |     |                              |
|---------------------------------------|-----|------------------------------|
| **WILLIE JEFFERSON,**                 | )   |                              |
|                                       | )   |                              |
| **Plaintiff,**                        | )   |                              |
|                                       | )   |                              |
| **v.**                                | )   | **Civil Action No. 05-848 (GK)** |
|                                       | )   |                              |
| **BUREAU OF PRISONS** *et al.*,       | )   |                              |
|                                       | )   |                              |
| **Defendants.**                       | )   |                              |

_____)

## MEMORANDUM OPINION

In this Freedom of Information Act ("FOIA") case, 5 U.S.C. § 552, the Defendants have filed

a renewed motion for summary judgment and the Plaintiff has filed an opposition and cross-motion

for summary judgment.  Because the Defendants have each demonstrated that they conducted

reasonable searches in light of the information requested, the Defendants' renewed motion for

summary judgment will be granted and the Plaintiff's cross-motion will be denied.  Plaintiff has also

moved for reimbursement of his litigation costs, which Defendants have opposed.  Because the

Plaintiff is not eligible for reimbursement, his motion will be denied.

## I.      BACKGROUND

Between December 2002 and June 2003, Plaintiff Willie Jefferson filed multiple and various

FOIA requests with the Department of Justice's Office of Inspector General ("OIG"), the Bureau of

Prisons ("BOP"), and the Federal Bureau of Investigation ("FBI").  Not satisfied with the responses,

he filed this action.  In the course of this litigation, documents were produced and the Defendants

each filed a declaration in support of their combined motion for summary judgment.  In a

memorandum opinion issued November 7, 2006 **[Dkt. #38]**, 2006 WL 3208666, the Court denied

summary judgment to all three Defendants, finding that each declaration was insufficient to provide the required evidentiary basis for concluding that the search it had conducted was reasonable and adequate.[1]

The Defendants have now filed a renewed motion for summary judgment, supported by three additional declarations, one from each Defendant.  The Plaintiff has opposed the motion for summary judgment, raising seven specific issues that he contends demonstrate that the searches were not adequate.  With their reply, Defendants filed two more agency declarations responding to the specific issues Plaintiff had raised with respect to the BOP and OIG.

## II.   STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir.1994).

In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson,* 477 U.S. at 255.  The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248.  The non-moving party must do more than simply "show that there is some metaphysical doubt

---

[1] That memorandum opinion includes a fuller recitation of the facts, and will not be repeated here except to the extent those facts are relevant to this memorandum opinion.

as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir.1982)).

The only issue remaining for disposition of this case is whether the agencies' searches were reasonable.  To show that its search was reasonable, the agency must demonstrate that when "viewing the facts in the light most favorable to the requester, . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents." ' *Steinberg v. United States Dep't of Justice,* 23 F.3d 548, 552 (D.C. Cir. 1994) (quoting *Weisberg v. United States Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search.  *Perry v. Block,* 684 F.2d 121, 126 (D.C. Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA.  *Id.* at 127.  The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998).  A search need not be exhaustive.  *Miller v United States Dep't of State,* 779 F.2d 1378, 1383 (8th Cir. 1985).  Furthermore, the adequacy of a search is not determined by its results, but by the method of the search itself, *Weisberg,* 745 F.2d at 1485, and a court is guided in this determination by principles of reasonableness, *Oglesby,* 920 F.2d at 68.  An agency's failure to find a particular document does not undermine the determination that the search was adequate.  *Wilber v. CIA,* 355 F.3d 675, 678

(D.C. Cir. 2004); *Nation Magazine, Washington Bureau v. United States Customs Serv.,* 71 F.3d

885, 892 n.7 (D.C. Cir. 1995).

## III.   ANALYSIS

### A.   The BOP's Search

Plaintiff points to four discrete faults with the BOP's search.  First, he argues that the fact

that the BOP's search did not produce records regarding an investigation of Grady Turner that

resulted in a 14-day suspension demonstrates that the search was inadequate.  (Pl.'s Opp'n & Cross-

Mot. for Summ. J. ("Opp'n" at 3).   Plaintiff's reliance on the results of a search to assess its

adequacy is misplaced.  *Weisberg,* 745 F.2d at 1485.  There could be several possible reasons other

than an inadequate search for why particular records are not located.  The records may never have

existed, may have been destroyed, or may have been misplaced.  In this instance, Plaintiff's source

of information about an investigation resulting in a 14-day suspension is derived from an unreliable

source; the speaker was later convicted of making false statements.  In any case, it is well-established

that the test of a search is its reasonableness, not whether records believed to have existed at some

point in time are in fact located.  *Id.*  Here, the BOP has filed a declaration stating that the database

it searched by Grady Turner's name is the "only data system used to log in and track official

investigations" and "would include any/all information regarding the location of investigative files

concerning staff members."  (Decl. of Wilson Moorer, July 11, 2008 ("Moorer Decl.") ¶¶ 8-10.)  No

other BOP database would contain documents or records responsive to the Plaintiff's FOIA request

regarding Turner.  (*Id.*)  The only file that was located was referred to the OIG for processing in

connection with this litigation.

In a similar vein, the Plaintiff also concludes that the fact that the search did not produce

records from a source he expected, namely, the Special Investigative Supervisor's Manual, is

evidence of an inadequate search.  (Opp'n at 4.)  The BOP's declaration explains why Plaintiff's suspicion is without foundation.  The Special Investigative Supervisor's Manual merely referred to two pages of responsive documents that were in fact identified as responsive and released.  (Moorer Decl. ¶ 13.)

The Plaintiff disagrees with the BOP's position that a notice published in the Federal Register on August 29, 1995, is not a BOP record.  (Opp'n at 3.)  However, while such a notice could be maintained by the agency, even the Plaintiff has pointed out that the BOP is free to dispose as it sees fit of the notice published in the Federal Register, and to govern its own record system.  (*See* Opp'n at 4 n.1, citing 5 U.S.C. § 553).)  In this case, the Federal Register notice that Plaintiff seeks is maintained by the Federal Register and is not a document maintained by the BOP.  (Moorer Decl. ¶ 11.)

Finally, the Plaintiff objects to the BOP's search in response to his request for "any and all program statements and memorandums that restrict an inmate prayer or worship to the chapel or cell."  (Decl. of Wilson J. Moorer, May 3, 2006 ¶ 16 (quoting Plaintiff's FOIA request dated March 28, 2004).)  Plaintiff argues that because the BOP searched only its current policies, not historic policies no longer in effect, the search was inadequate in light of his request.  (Opp'n at 5-6.)  The BOP counters that its interpretation of the present-tense verb "restrict" in the Plaintiff's letter was reasonable.  (Moorer Decl. ¶ 12.)  In addition, once a BOP policy is revised, the earlier policy is rescinded and removed from circulation and destroyed.  (*Id.*)  Not only is the BOP's interpretation of "restrict" reasonable, but a search for historic BOP policies no longer in effect is incapable of producing any records.

**B.    The OIG's Search**

Plaintiff contends that two problems demonstrate that the OIG search was inadequate.  First, he states that the "OIG has yet to account for the 102 pages of information it provided to the Federal Bureau of Investigation."  (Opp'n at 6.)  In fact, a declaration filed with the Defendants' first motion for summary judgment refers to 102 pages of investigative material "provided to the FBI by the OIG."  (Decl. of David M. Hardy, May 1, 2006, ¶ 57.)  However, a later declaration on behalf of the OIG attests that the OIG "did not provide any information to the FBI in connection with Plaintiff's FOIA request.  The FBI provided documents from its files to the OIG."  (Decl. of Deborah Marie Waller, July 9, 2008 ("Waller Decl."), ¶ 5.)  The confusion here is understandable.  Taken together, the declarations establish that the investigative material was originally generated by an OIG investigation "of another . . . correctional officer," (*id.*), at least parts of which were maintained in the files of both the OIG and the FBI.  Many of the documents in that investigative file were either unresponsive to Plaintiff's request or "were duplicates of the material that the OIG had already processed in response to Plaintiff's FOIA request to the OIG."  (*Id.*)  Given Waller's explanation, it is clear that the OIG has indeed accounted for the 102 pages of information that were referenced in the Hardy declaration.

Plaintiff also questions whether the OIG search was reasonable in light of the fact that it did not search records from either its audit division or its evaluations and inspections division, records which cannot be searched by an individual's name or other personal identifier.  (Opp'n at 7-8.)  The OIG has responded that the records from those divisions do not focus on the conduct of individual employees.  (*Id.* ¶ 2.)  Furthermore, there "is no reasonable possibility" that those records would contain any responsive information on Grady Turner, because it is unlikely that Turner would have been interviewed in the course of any investigations conducted by those two divisions, and both

divisions advised that they had not conducted any audits or inspections likely to contain the information sought by Plaintiff.  (*Id.* ¶¶ 3-4.)

      **C.**    **The FBI's Search**

By letter dated June 30, 2003, Plaintiff made a FOIA request for records from the Atlanta Field Office pertaining to Grady Turner.  He argues that the FBI's search was unreasonable because the FBI did not search for records dated after June 30, 2003 but did not inform him of the date restriction on the search.  In support of his position he cites *McGehee v. CIA,* 697 F.2d 1095 (D.C. Cir. 1983), and *Public Citizen v. Dep't of State,* 276 F.3d 634 (D.C. Cir. 2002).  (Opp'n at 9.)  These cases do not support Plaintiff's suggestion of a bright line rule.  The two lessons from *McGehee* that are pertinent here are that (1) a cut-off date for a search must be consistent with the agency's obligation to conduct a reasonably thorough search, and (2) a time of request cut-off is not always proper in every instance.  *McGehee,* 697 F.2d at 1101, 1004.  *Public Citizen* reiterates the second rule of *McGehee,* rejecting a proposition that a cut-off date tied to the date of request is *per se* reasonable regardless of the circumstances or nature of the request.  *Public Citizen,* 276 F.3d at 643. Thus, the proper question here is whether the cut-off date used was reasonable in light of the specific request Plaintiff made.

Plaintiff was seeking an index to and "any and all records created and/or received by the . . . Atlanta Field Office in regards to Grady L. Turner, former Captain at the United States Penitentiary Atlanta, Georgia."  (Hardy Decl. ¶ 5.)  At the time of the request, both the Plaintiff and the FBI knew that the investigation of Turner's conduct had been completed, that his criminal trial also had been concluded, and that he was no longer a BOP employee.  Thus, it was reasonable in this instance for the agency to conclude that the information requested would have pre-dated, not post-dated the FOIA

request.  Plaintiff identifies nothing unreasonable about that determination.  Accordingly, Plaintiff's objection on this point cannot prevail.

### D.    Plaintiff's Litigation Costs

Plaintiff seeks reimbursement of his out of pocket litigation costs in the amount of $362.67. In order to be eligible for reimbursement, a plaintiff must "substantially prevail" in the civil action. 5 U.S.C. § 552(a)(4)(E).  To substantially prevail, a plaintiff must obtain relief through a judicial order, consent decree or enforceable written agreement, or a voluntary or unilateral change in the position of one of the agencies.  *Id.*  "[A] favorable order does not make a plaintiff a prevailing party unless the order constitutes judicial relief on the merits resulting in a court-ordered change in the legal relationship between the plaintiff and the defendant."  *Campaign for Responsible Transplantation v. Food & Drug Admin.,* 511 F.3d 187, 194 (D.C. Cir. 2007) (internal quotation marks and citation omitted).

In a prior memorandum opinion, this Court denied the first motion of these Defendants for summary judgment because they had not "submitted sufficiently detailed affidavits.  The submitted declarations do not describe the systems of records each agency maintains, detail[] the method of retrieving records, or aver[] that the agency identified and search all files reasonably likely to contain responsive records." *Jefferson v. B.O.P.,* Civil Action No. 05-848, 2006 WL 3208666, *7 (D.D.C. Nov. 7, 2006).  The insufficiently detailed affidavits left the Court unable to "evaluate the adequacy and reasonableness of the searches." *Id.*  Therefore, the Defendants were denied summary judgment. *Id.*  With respect to the FBI in particular, the Court expressed its view that Plaintiff's FOIA request was broad enough that it should have been construed as seeking records on the shared computer drive used by the Atlanta Field Office. *Id.* at *6.  The Court did not, however, order the FBI to undertake any particular search.  Rather, the Court left open the possibility that the FBI could

respond by affidavit explaining why the shared drive was not likely to contain responsive documents and stating that it had searched all files likely to contain records responsive to Plaintiff's request. *Id.* at 6-7.  Thus, there was no order in this case that constituted judicial relief on the merits that changed the legal relationship between the Plaintiff and the Defendants. *Campaign,* 511 F.3d at 194. Nor was there a consent decree, enforceable written agreement, or a voluntary or unilateral change in the position of one of the agencies that altered the legal relationship between the parties here. Accordingly, Plaintiff has not substantially prevailed in this action and is not eligible for reimbursement of costs.

Summary and Conclusion

Considering the nature and substance of Plaintiff's objections to the adequacy of the searches conducted by the Defendants, as well as the declarations filed on behalf of the Defendants that describe the searches conducted, explain why other searches were not conducted, and state that the agency searched all files likely to contain records responsive to Plaintiff's requests, the Court concludes that the agencies conducted searches that were reasonably calculated to identify all documents containing the information the requests sought.  *See Steinberg,* 23 F.3d at 552. Accordingly, the Defendants' motion for summary judgment will be granted and the Plaintiff's cross-motion for summary judgment will be denied.  Because the Plaintiff is not eligible for reimbursement of litigation costs, his motion for costs will be denied.  A separate order accompanies this memorandum opinion.

                                              /s/
                                              GLADYS KESSLER
                                              United States District Judge

September 24, 2008